IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES D. JONES                                                                                    PLAINTIFF

V.                                            NO. 13-5062

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Charles D. Jones, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on March 22, 2010, and June 11, 2010, respectively, alleging an inability to work since April 1, 2005, due to low back pain, bone spurs, degenerative disc disease, arthritis, heart disease, hepatitis c, diverticulitis, and diabetes type II. (Tr. 9, 134-140, 161). In a partially favorable decision dated September 17, 2008, the ALJ found that Plaintiff was entitled to a closed period of disability from April 28, 2006, to July 9, 2007, and that on July 10, 2007, Plaintiff's disability ended, as Plaintiff returned to full-time work with no significant medical restrictions. (Tr. 9, 62-73). An administrative hearing was held

on March 9, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 27-57).

By written decision dated June 8, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease in his lumbar spine, status postoperative, coronary artery disease (CAD), status post stenting, hepatitis C, gastroesophageal reflux disease (GERD), diabetes mellitus, type 2, and headaches. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was capable of performing his past relevant work as a manager, taxi cab/limousine service. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 19, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred when he failed to fully and fairly develop the record; 2) The ALJ erred when he used unreasonable daily living activities to find Plaintiff "not credible;" and 3) The ALJ erred when he found Plaintiff could return to his past relevant work as a manager/taxi driver/limousine driver. (Doc. 11).

#### A.   Duty to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ should have re-contacted Dr. William Kendrick, Plaintiff's treating physician, as the ALJ stated that it was possible that when Dr. Kendrick opined that Plaintiff was disabled from full time work, it was possible that Dr. Kendrick was referring solely to an inability to perform claimant's past work. Plaintiff argues that the ALJ's conclusion is mere speculation.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512.  The ALJ's duty

-4-

to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

As noted by Defendant, Dr. Kendrick's opinion that Plaintiff was disabled was dated December 17, 2007. (Tr. 686). However, Plaintiff worked at a substantial gainful activity level through May 20, 2010, and therefore, Dr. Kendrick's opinion of disability is irrelevant to whether Plaintiff was disabled. In addition, there were numerous other medical records the ALJ considered which sufficiently provided him with evidence from which to make a determination. Finally, an opinion of disability is reserved for the Commissioner. See 20 C.F.R. § § 404.1527(d), 416.927(d).

Based upon the foregoing, the Court finds the ALJ did not fail to fully and fairly develop the record.

**B.    Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating

AO72A
(Rev. 8/82)

factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff argues that at the hearing, Plaintiff testified he no longer drove, that his 22 year-old daughter did all the cooking, vacuuming, heavy cleaning, and changing the linens, and that she and his mother did the shopping. He also argued that his back kept him from playing basketball, driving, and playing with his children. Plaintiff reported that he had no social life and that his mother helped him with his medication.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 15). The ALJ discussed Plaintiff's daily activities, finding that Plaintiff had no limitation in this area. (Tr. 12). The ALJ acknowledged that at one point, Plaintiff testified he did not drive, but noted that this was inconsistent with his previous testimony that he could not drive more than 25 to 30 minutes without having to get out and stretch his back. (Tr. 12, 43). The ALJ also noted that Washington Regional Medical Center (WRMC) records dated February 1, 2010, showed that Plaintiff had been pushing his kids on the sled, and Dr. Kendrick's records dated February 11, 2011, showed that Plaintiff reported he had

been cleaning an awning. (Tr. 16). The Court notes that on August 16, 2009, Plaintiff presented himself to WRMC, complaining of neck pain after diving and hitting his head the day before. (Tr. 699). On July 11, 2011, Plaintiff presented to WRMC for evaluation of an injury to his lower back as a result of a fall while he was moving a freezer. (Tr. 1087-1090). Finally, on March 25, 2011, Plaintiff reported to Dr. Kendrick that he received a letter from the city to move his car from his yard, and had to push the car to the driveway. (Tr. 1108). These are not activities that are consistent with disabling pain.

The ALJ considered all of the factors required by Polaski, and based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's credibility analysis.

### C. Whether Plaintiff could return to his past relevant work:

Plaintiff argues that in finding that he could perform his past relevant work as a manager of a taxi and limousine service, the ALJ did not consider all of his alleged limitations, such as not being able to drive because of the side effects of his medications. At the hearing, the VE testified that the job of taxicab manager was performed and listed in the DOT as sedentary exertion level with a skill level of an SVP of 5. (Tr. 35). It does not require driving. Past relevant work can be as actually performed by Plaintiff, or as generally performed in the national economy. See 20 C.F.R. §§ 404.1560(b)(2), 416.960 (b)(2); Barnett v. Barnhart, 362 F. 3d 1020, 1022 at n. 3 (8th Cir. 2004)("the ALJ may determine a claimant can perform the claimant's past occupation based on '[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy.'" quoting from Evans v. Shalala, 21 F.3d 832, 833-34 (8th Cir. 1994)).

Accordingly, the Court finds there is substantial evidence to support the ALJ's finding

that Plaintiff could perform his past relevant work as a manager of a taxi/limousine service.

**IV.　Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 5th of June, 2014.

*/s/ Erin L. Setser*
　　HONORABLE ERIN L. SETSER
　　UNITED STATES MAGISTRATE JUDGE